**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X  Case No. 23-cv-488
KENNETH L HARTLEY,

                Plaintiff,

                                                                  **COMPLAINT**

       -against-

SURREY HOTEL ASSOCIATES, LLC,               **PLAINTIFF DEMANDS**
DREAM HOTEL GROUP LLC, LAIYLA COHEN,    **A TRIAL BY JURY**
and PIOTR MAJ individually,

                                 Defendants.
------------------------------------------------------------------------X

Plaintiff, **KENNETH L HARTLEY**, by his attorneys, SEKENDIZ LAW GROUP P.C., upon information and belief, complains as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action charging that Defendants violated the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), "the Act", FMLA to recover emotional distress, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; ; the New York State Human Rights Law, New York State Executive Law §296 *et. seq.* ("NYSHRL"), and the New York City Human Rights Law, Administrative Code § 8-107, *et seq*. ("NYCHRL"), and seeks to recover damages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of being discriminated against on the basis of her disability, race/color, national origin, age and retaliation. Plaintiff also claims he was sexually harassed.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343., 28 U.S.C. § 1337 (interstate commerce).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Southern District of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

8. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

9. Plaintiff filed a charge with EEOC on August 29, 2022

10. Plaintiff received Right to sue letters against all corporate defendants on December 28, 2022.

11. Plaintiff brought this action within 90 days of receiving the right to sue letter.

## PARTIES

12. Plaintiff, **KENNETH L HARTLEY** ("PLAINTIFF") is a resident of the State of New Jersey.

13. Plaintiff is an individual, who is a male.

14. Plaintiff is an American Citizen.

15. Plaintiff is a disabled individual within the meaning of ADA.

16. Plaintiff was and still an employee of SURREY HOTEL ASSOCIATES, LLC, (Hereinafter referred to as "SHA."

17. Plaintiff was and still an employee of DREAM HOTEL GROUP LLC (Hereinafter referred to as "DHG."

18. Defendant "DHG" is a domestic corporation duly existing under the laws of the State of New York.

19. Defendant "SHA" is a foreign corporation duly existing under the laws of the State of New York.

20. The defendant LAIYLA COHEN was and still is employed by "DHG" as a General Manager and Acting Director of Human Resources.

21. The defendant LAIYLA COHEN was and still is employed by "SHA" as a General Manager and Acting Director of Human Resources.

22. Defendant LAIYLA COHEN is an individual, who resides in the State of New York.

23. The defendant PIOTR MAJ was and still is employed by "DHG"

24. The defendant PIOTR MAJ was and still is employed by "SHA."

25. The defendant PIOTR MAJ was and still is an individual who resides in the State of New York,

26. The defendant LAIYLA COHEN was Plaintiff's general manager.

27. Defendant "SHA" had authority to hire and fire Plaintiff.

28. Defendant "SHA" had authority to supervise Plaintiff.

29. Defendant "SHA" had authority to demote or promote Plaintiff.

30. Defendant "SHA" had authority to discipline Plaintiff.

31. Defendant "SHA" had authority to determine Plaintiff's pay rate.

32. Defendant "DHG" had authority to supervise Plaintiff.

33. Defendant "DHG" had authority to hire and fire Plaintiff.

34. Defendant "DHG" had authority to demote or promote Plaintiff.

35. Defendant "DHAG" had authority to discipline Plaintiff.

36. Defendant "DHG" had authority to determine Plaintiff's pay rate.

37. Defendant "LAIYLA COHEN" had authority to supervise Plaintiff.

38. Defendant "LAIYLA COHEN" had authority to hire and fire Plaintiff.

39. Defendant "LAIYLA COHEN" had authority to demote or promote Plaintiff.

40. Defendant "LAIYLA COHEN" had authority to discipline Plaintiff.

41. Defendant "LAIYLA COHEN" had authority to determine Plaintiff's pay rate.

42. Defendants 'DHG" and "SHA" jointly employed Plaintiff.

43. Kim Bonilla, (Hereinafter may be referred to as "KB" is an individual who resides in the State of New York.

44. Kim Bonilla was and still employed by defendants as Engineering Director

45. Paulina Grudzinski (Hereinafter may be referred to as "PG') is an individual who resides in the state of New York.

46. Defendant "KB" had authority to supervise Plaintiff.

47. Defendant "KB" had authority to hire and fire Plaintiff.

48. Defendant "KB" had authority to demote or promote Plaintiff.

49. Defendant "KB" had authority to discipline Plaintiff.

50. Defendant "KB" had authority to determine Plaintiff's pay rate.

51. Defendant "PG" had authority to supervise Plaintiff.

52. Defendant "PG" had authority to hire and fire Plaintiff.

53. Defendant "PG" had authority to demote or promote Plaintiff.

54. Defendant "PG" had authority to discipline Plaintiff.

55. Defendant "PG" had authority to determine Plaintiff's pay rate.

56. PIOTR MAJ was and still is Plaintiff's co-worker.

57. Defendant "SHG" and "DHG" jointly employed Plaintiff within the meaning of Federal and New York City and State Laws and regulations.

## MATERIAL FACTS

58. In or around June 17, 2018, Plaintiff started working for "SHA"

59. In or around June 17, 2018, Plaintiff started working for "DHG."

60. Plaintiff's job title is "engineer."

61. Plaintiff is a male.

62. Plaintiff is Black.

63. Plaintiff qualified for the position.

64. Plaintiff is a US Citizen.

65. Plaintiff's rate is $39.00 an hour.

66. Plaintiff was and still is a full-time employee.

67. Plaintiff's job location was and still is 210 W 55th St, New York, NY 10019.

68. Plaintiff is a disabled individual who suffers from degenerative joint disease. (Arthritis)

69. Plaintiff complied with the essential functions of his job with reasonable accommodations.

70. Plaintiff had issues bending and lifting. Plaintiff provided his employer with a reasonable accommodation letter, but defendants did not accommodate assigning Plaintiff to jobs which

required extensive bending.

71. Plaintiff's reasonable accommodation request did not cause defendants any hardship.

72. On or about October 19, 2021, Plaintiff completed an FMLA leave request.

73. On or about October 21, 2021, Plaintiff presented to Lissete Ortiz, Director of Human Resources the FMLA leave request due to extreme pain in his joints.

74. On or about November 3, 2021 Lisette Ortiz refused Plaintiff's FMLA request. More specifically, Lissete Ortiz said to Plaintiff "I personally do not approve it." Plaintiff was accused of faking the injury.

75. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr Maj, Sebastian Kocur and Jacek Zyzanski approximately two to three times a week called Plaintiff "Nigga."

76. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Sebastian and Jacek approximately two to three times a week called Plaintiff "Niggas."

77. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Sebastian and Jacek approximately two to three times a week called Plaintiff "Coon."

78. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Sebastian and Jacek approximately two to three times a week called Plaintiff "Saggin." (Spelled Niggas backwards)

79. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Sebastian and Jacek approximately two to three times a week called Plaintiff "Black Pipe" referring to Plaintiff's penis.

80. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Sebastian and Jacek approximately two to three times a week called Plaintiff "My Nigga."

81. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Sebastian and

Jacek approximately two to three times a week called Plaintiff "Nigga Coon."

82. Starting from June 29, 2021, until May 30, 2022, Plaintiff's coworkers Piotr, Nadia (front desk employee) Sebastian and Jacek approximately two to three times a week called Plaintiff "Old Man"

83. Starting from June 29, 2021, until May 30, 2022  "PG" and "KB" on at least ten (10) occasions referred to Plaintiff as "handicapped."

84. On or about October 15, 2021, Plaintiff's supervisors Kim and Paulina walked in the men's locker room violating Plaintiff's privacy when Plaintiff was changing his clothes and they said to Plaintiff "When are you going to get your old ass out?" Despite Plaintiff's complaints that women should not be allowed in Men's locker room especially when men are changing their clothes, Plaintiff's supervisors Kim Bonilla, Engineering Director at the time and Paulina Grudzinski Assistant General Manager continued to walk into the men's locker room whenever they wanted without knocking on the door.

85. Plaintiff complained to his supervisors Kim Bonilla and Paulina Grudzinski many times concerning the racially motivated, sexually explicit comments such as "coon, nigga, black pipe, old man" which were being made by Plaintiff's co-workers Piotr, Nadea FarQuHaron (front desk employee) Sebastian and Jacek but Kim Bonilla and Paulina Grudzinski took no action and the harassment continued.

86. On or about March 16, 2022, Plaintiff caught a co-worker by the name of Piotr Maj recording Plaintiff with his phone with a smirk on his face when Plaintiff was changing his clothes in the locker room. Plaintiff complained to Laiya Cohen and Kim Bonilla, the director of engineering at the time but no action was taken.

87. On or about March 11, 2021, Jacek Avzanski told Plaintiff "I should put your balls in this

vice and squeeze them." Plaintiff presented Laiya Cohen with an additional grievance letter concerning Jacek Ayzanski incident, but nothing was done.

88. Whenever Plaintiff asked his co-workers and supervisors to stop making derogatory comments concerning Plaintiff's race, they would say "We are Polish" no one can do anything to us.

89. On or about November 18,2022 a plunger with defecation on it placed in a leaking plastic bag which in fact got on Plaintiff. The bag placed by Jacek Zyzanski.

90. Several times since March of 2022 Jacek Zyzanski. bumped into Plaintiff from time to time with a grin on his face to intimidate Plaintiff.

91. On or about November 17,2022, Jacek Zyzanski sharpened a metal object into a shank (a makeshift knife) looking in Plaintiff's eyes in an intimidating manner.

92. After Plaintiff complained, around December of 2022, Plaintiff was moved to small locker room. All engineers were supposed to be moved to the designated locker room but Plaintiff was the only one moved to a locker room which is a small 12x15 room. Fifteen to Twenty (15-20) men may be present at a time with unsanitary conditions, with no working commode and one (1) operating urinal and one (1) operating sink with poor ventilation.

93. After Plaintiff complained about discrimination, Jairo Jimenez, the Chief Engineer issued several verbal warnings to Plaintiff pertaining to Plaintiff taking his break outside of the building while on house calls once or twice a month. However, Plaintiff witnessed coworkers taking multiple breaks outside of the building while on house calls but none of these employees were provided with any warnings.

94. Upon information and belief, Plaintiff was the least paid employee in his department. More specifically, upon information and belief similarly situated Hispanic employees and Polish

employees in Plaintiff's department were paid more than Plaintiff.

95. Upon information and belief, in or around the summer of 2022, Plaintiff was not provided with as much raise as his Hispanic and Polish co-workers because Plaintiff complained of discrimination.

96. Defendants discriminated against Plaintiff because of Plaintiff's race/color.

97. Defendants did not like Plaintiff because Plaintiff was not white.

98. Defendants discriminated against Plaintiff because of his disability.

99. Defendants discriminated against Plaintiff because of Plaintiff's age.

100. Defendants discriminated against Plaintiff because Plaintiff's national origin.

101. Defendants retaliated against Plaintiff because Plaintiff kept complaining of discrimination and unfair treatment of non-white employees.

102. Defendants sexually harassed or allowed Plaintiff to be sexually harassed.

103. Plaintiff's performance was, upon information and belief, above average during the course of his employment.

104. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

105. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

106. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

107. As a result of defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

108. As a result of the Defendants' discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

109. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

110. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

111. All Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT AGAINST CORPORATE DEFENDANTS**

112. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

113. Plaintiff claims that Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA"), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

114. Defendant "SHA" engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

115. Defendant "DHG" engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

116. As such, Plaintiff has been damaged as set forth herein.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII AGAINST CORPORATE DEFENDANTS"

117. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

118. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

    (a) It shall be an unlawful employment practice for an employer -

      (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

      (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

119. Defendant "SHA" engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by actually harassing and reducing work hours of Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of Plaintiff's race/color, national origin, sex (sexual harassment) and age or otherwise because Plaintiff is not white.

11

Case 1:23-cv-00488   Document 1   Filed 01/19/23   Page 12 of 18

120. Defendant "DHG" engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by actually harassing and reducing work hours of Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of Plaintiff's race/color, national origin, sex (sexual harassment) and age or otherwise because Plaintiff is not white.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII AGAINST CORPORATE DEFENDANTS

121. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

122. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

123. Defendant "SHA" engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

124. Defendant "DHG" engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

12

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

125. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

126. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race,** creed, **color**, **national origin**, **gender**, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

127. Defendant "SHA" violated the section cited herein as set forth.

128. Defendant "DHG" violated the section cited herein as set forth.

129. Defendant "LAIYLA COHEN" violated the section cited herein as set forth.

130. Defendant "PIOTR MAJ" violated the section cited herein as set forth.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATIONUNDER THE NEW YORK CITY ADMINISTRATIVE CODE

131. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

132. New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this

section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   i. the employee or agent exercised managerial or supervisory responsibility; or

   ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

133. Defendant "SHA" violated the section cited herein as set forth.

134. Defendant "DHG" violated the section cited herein as set forth.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW

135. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

136. Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, **race**, creed, **color, national origin**, sex, or **disability,** or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

137. Defendant "SHA" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to her disability, race and color.

138. Defendant "DHG" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to her disability, race and color.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

139. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

140. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice:

""It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter (iii) ……"

141. Defendant "SHA"" engaged in an unlawful discriminatory practice in violation of New

York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

142. Defendant "DHG"" engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHT CAUSE OF ACTION FOR VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

143. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

144. § 2612 of the FMLA states in pertinent part: (a) In general (1) Entitlement to leave Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following: (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter. (B) Because of the placement of a son or daughter with the employee for adoption or foster care. (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition. (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

145. Defendant "DHG" violated Plaintiff's FMLA rights by failing to provide him with appropriate leave thereunder.

146. Defendant "SHA" violated Plaintiff's FMLA rights by failing to provide him with appropriate leave thereunder.

## JURY DEMAND

147. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the ADA, Title VII, FMLA, NYSHRL, and the NYCHRL, by discriminating against Plaintiff on the basis of his race, color disability and sexual harassment.

B. Awarding damages to Plaintiff, retroactive to the date of his discharge for all lost wages and benefits resulting from Defendants unlawful termination of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. All such other and further relief as the Court deems just and proper.

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
January 12, 2023

                                      **SEKENDIZ LAW GROUP P.C., ATTORNEYS AT LAW**

By:    __/s/ Ismail Sekendiz_____
Ismail S. Sekendiz, Esq. (IS-0509)
*Attorneys for Plaintiff*
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
Email: sekendizlaws@gmail.com